## OLLIE LEECH *v.* STATE.

## (*Nashville.*   December Term, 1910.)

1. **CRIMINAL LAW. Where the accused pleads guilty before a justice, the justice must proceed under the small offense law, when applicable, though the grand jury is in session.**

Under the statute (Acts 1899, ch. 16) providing that whenever any person brought, while the grand jury is in session, before a justice of the peace, upon a warrant for any criminal offense or misdemeanor, pleads guilty, the accused shall be dealt with under the small offense law, where that law is applicable, a justice before whom one charged with gaming is brought must, if the accused pleads guilty, proceed under the small offense law, though the grand jury is in session, and it is error to bind him over to the criminal court.

Acts cited and construed: Acts 1899, ch. 16.

2. **SAME. Same. Plea in bar containing same facts as overruled plea in abatement amounts to a plea of guilty upon the facts, when,**

Where the accused pleads in abatement to a presentment for a misdemeanor falling under the small offense law, as gaming, by a sufficient plea showing that he pleaded guilty before the justice of the peace, and a demurrer thereto is sustained, and the accused thereupon files another plea as a plea in bar containing the same facts, the latter plea amounts to a plea of guilty upon the facts. (*Post, pp.* 77, 78.)

3. **SAME. Same. Same. Remandent for issue on plea in abatement, and if sustained, case to be remanded to the justice to proceed under small offense law, when.**

Where the accused files a sufficient plea in abatement to a presentment for a misdemeanor falling under the small offense law, showing that he properly pleaded guilty before the justice of

the peace, and that the justice improperly and erroneously bound him over to the criminal court, and the criminal court erroneously sustained a demurrer to such plea in abatement, the supreme court, upon reversing the case, will remand the cause to the criminal court to the end that an issue may be made upon the plea in abatement; and directing the criminal judge, in case the issue is found in favor of the accused, to remand the cause and direct the return af the papers to the justice of the peace, with directions to proceed against the accused under the small offense law. (*Post, p.* 80.)

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson County.—A. B. NEIL, Judge.

C. H. RUTHERFORD, for Leech.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

On January 9, 1911, a presentment was returned into the criminal court of Davidson county against the plaintiff in error for gaming; it being alleged that "he did play, bet, gamble, and put in hazard upon a certain game of hazard and address, at dice, money of the value of fifty cents," etc. There was a second count to the

effect that he had encouraged and promoted the game referred to.

The plaintiff in error then filed his plea in abatement as follows:

"In this cause comes the defendant in his own proper person, and for plea to the indictment against him in this cause says:

"That previous to the returning of the indictment in this case, and previous to the time the witness in this case went before the grand jury, defendant was arrested upon a warrant issued by Jake Levine, a justice of the peace of Davidson county, Tennessee. This was on January 7, 1911, and defendant was taken on said date before said justice of the peace, and defendant regularly entered a plea of guilty and submitted to the jurisdiction of said justice of the peace, and said case was set for trial by said justice of the peace for Tuesday, January 10, 1911. Defendant was committed to jail in default of bond by said justice, on January 7, 1911, and was released on January 9, 1911, and on the morning of January 9, 1911, he again applied to said justice of the peace to be allowed then and there to plead guilty to said charge of gaming, but was informed that the case had been set for 3 o'clock, Tuesday, January 10, 1911, and that he could do what he desired to do at that time, and when his hour of trial arrived on January 10, 1911, said justice of the peace refused to allow defendant to plead guilty, but proceeded to bind him over to the criminal court, and upon default of bond he was by said justice

committed to jail, and in the meantime the indictment was returned against him in this court.

"Defendant further avers that the grand jury of Davidson county, Tennessee, was not in session on January 7, or 8, 1911, but that it was in session on the 9th and 10th, 1911.

"The offense charged against defendant, to wit, gaming, in the indictment in this case, is the same offense as charged against him in the warrant sworn out before said Jake Levine, J. P., and he is only charged with one offense, and the time and place of said offense alleged against him in said indictment and said warrant are one and the same, and defendant is the same person named and the charged in both said warrant and indictment, and the prosecutors, or State's witnesses, are the same persons in both said indictment and in said State's warrant.

"The defendant, therefore, submits that he is already being held to answer said offense before a tribunal having full and ample jurisdiction, authority, and power to try said offense of gaming upon the defendant's plea of guilty and, said court having first assumed jurisdiction of the person of the defendant and of the offense charged against him, that this court has no jurisdiction whatever over the person of the defendant, and, therefore, prays to be hence discharged, with his reasonable costs in this behalf sustained."

This plea was demurred to by the State, the demurrer sustained, and the plaintiff in error put to his trial, and

he thereupon filed another plea as a plea in bar, containing the same facts, and which, of course, amounted to a plea of guilty. He was tried before the trial judge without the intervention of a jury on his said plea of guilty, and fined ten dollars and costs. Thereupon he appealed to this court, after his motion for a new trial and his motion in arrest of judgment had been overruled.

The point of his complaint here is that he should have been fined by the justice of the peace upon his plea of guilty, when his case was there, and there should have been no indictment at all. The difference to him is in the very large bill of costs which was accumulated against him, owing to the unnecessary calling and attendance of witnesses, clerk's costs, and other costs; that is, unnecessary, if his plea of guilty before the justice of the peace should have been acted on by that official.

We think the trial judge committed error in overruling the plea in abatement.

Chapter 16 of the Acts of 1899 provides that whenever any person is brought before a justice of the peace of the State upon any warrant for any criminal offense or misdemeanor, if the grand jury of the county where the offense is charged to have been committed is in session, the justice of the peace shall not try the case "unless the defendant plead guilty," but shall, if the offense charged is bailable, take bond of the defendant in such sum as the law prescribes for the offense charged for his appearance before the court in charge of or impaneling the

grand jury from day to day pending an investigation of the offense by such grand jury. Section 3 provides that, if the defendant plead guilty to the charge in the warrant, the proceedings in the case shall then be the same in all respects as now prescribed by law; that is, the defendant shall be dealt with under the small offense law, in cases to which that law is applicable. To the end that no unnecessary costs may be entailed, section 4 provides that the justice of the peace shall, before issuing subpoena for witnesses or entailing other costs, require the defendant to plead to the warrant.

Now in the present case it appears that the defendant below, plaintiff in error here, pleaded guilty before the justice of the peace; and it was the duty of that official to proceed as usual under the small offense law; the charge being of that character. The fact that the grand jury was in session did not affect his duty in this regard, since cases of this character are made an exception under sections 1 and 3 of the act referred to. Of course, those sections likewise refer to cases other than those falling under the small offense law; but in that class of cases—that is, those other than small offenses—where the plea of guilty is entered before a justice of the peace, certainly his duty would be to take bond of the defendant for the offense charged for his appearance before the court in charge of or impaneling the grand jury from day to day, pending an investigation of the offense by such grand jury, or if the case is not bailable, or the defendant refuse to give bond required, his duty would

be to commit him to jail pending the investigation. The warrant, or the bond, if any be given, should be at once transmitted to the court.

The cause will be remanded to the criminal court of Davidson county, to the end that an issue may be made upon the plea in abatement, and that issue heard. In case the plea in abatement be found true on the facts, it will be the duty of the judge of the criminal court to remand the cause, and have the papers in the case returned, to the justice of the peace, with directions to proceed against the plaintiff in error under the small offense law.