JULIUS CASON *v.* THE STATE.*

(*Nashville.* December Term, 1929.)

Opinion filed February 1, 1930.

---

*On power of court to suspend sentence pending good behavior, see annotation in 33 L. R. A. (N. S.), 112; 8 R. C. L., 254.

Worth Bryant, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice McKinney, delivered the opinion of the Court.

Upon a presentment for public drunkenness the plaintiff in error was found guilty by the jury and the court imposed a fine of $25 and a workhouse sentence of eleven months and twenty-nine days, with a suspension of five months and twenty-nine days of this sentence pending his good behavior. The court was without power to suspend a portion of the workhouse term. *Spencer* v. *State*, 125 Tenn., 64.

Plaintiff in error was presented at the September, 1928, term and was tried at the January term following.

The case was heard on January 28th. Motion for a new trial was filed the next day and overruled on February 1st. When the case was called plaintiff in error filed a written motion for a continuance on account of the absence of two material witnesses, who were subpoenaed, but who were absent on account of sickness. The motion was overruled, and plaintiff in error assigns this action of the court for error.

The sheriff and one of his deputies had a warrant for the arrest of plaintiff in error upon some misdemeanor charge, and about ten o'clock one night started out into the country to the home of the plaintiff in error. When near his home they met plaintiff in error and Frank Cumby, on a side road, and arrested the former for being drunk, and carried him to Cookeville and lodged him in jail. Cumby was not drunk and, being present, was a material witness. The other absent witness would have testified that plaintiff in error was at her store about thirty minutes before he was arrested and was sober at that time. Her husband did so testify, and stated that his wife would have given like testimony, if able to be present.

The two officers were the only witnesses who testified for the State. Plaintiff in error testified that he was sober and is supported by the testimony of his wife and daughter. The only other party present was Cumby, and there is nothing to show that he was interested. We are of the opinion that the plaintiff in error was entitled to have the benefit of this evidence. We refrain from expressing any opinion as to the guilt or innocence of the plaintiff in error, but hold that he should have the benefit of this testimony, particularly that of Cumby. This was the first application for a continuance, the witnesses were under subpoena, and were not absent by the consent or

procurement of plaintiff in error. The affidavit of plaintiff in error shows, without contradiction, that one of Cumby's children was expected to die any moment from burns received.

■ These absent witnesses lived a few miles in the country and their affidavits, as to what their testimony would be, were not presented on the motion for a new trial, which will ordinarily be required where the witnesses are available. But this is an exceptional case. Cumby, no doubt, was in a state of anguish and distress, and Mrs. Rich was ill with the flu. Counsel might have taken a notary, gone to their homes and procured their affidavits. Practice in the cities is different from that in rural towns. In the cities the courts are open practically all of the time. In the towns the terms are often of short duration, and cases are heard near the end of the term and when the court is about to adjourn. Counsel are usually busy all during the term. Here the case was heard one day, motion for a new trial filed the next day, and overruled the third day thereafter. While it does not appear that counsel could not have procured these affidavits, it does appear that the matter was disposed of hurriedly, and it cannot be questioned but that these absent witnesses were material. The trial courts are to be commended for speeding the trials of cases and avoiding unnecessary delays. On the other hand, a litigant should not be forced into trial when material witnesses are absent without his fault.

■ It does not appear that plaintiff in error is a habitual drunkard, or that he has heretofore been charged with being drunk. It is discretionary with the grand jury whether it will indict for one act of public drunkenness. *State* v. *Kelly,* 138 Tenn., 84.

After the verdict several witnesses were called and examined by the court, and testified that plaintiff in error had the reputation of being engaged in the unlawful sale of whisky. The witnesses testified that they had no personal knowledge about the matter, and plaintiff in error has never before been presented for this offense. This testimony was excepted to, and its reception and consideration by the court, in determining the punishment to be imposed, is assigned for error.

It is now well settled that where it devolves on the court to determine the amount of punishment, either on a verdict by a jury or on a plea of guilty, evidence may be received in aggravation or mitigation of the punishment. 8 R. C. L., 260; 16 Corpus Juris, 1297; *State* v. *Reeder* (S. C.), 14 Ann. Cas., 968, and note. The reason for the admission of such evidence is to enable the court to inform himself as to the character of the accused and the circumstances of the crime so that he may be able to exercise his discretion intelligently and pronounce a just sentence; a privilege of his in the exercise of which he doubtless should use the utmost caution. The punishment should be proportioned to the offense and should be made to fit the crime and not the offender. On a charge of drunkenness the accused could not be punished for some other offense.

By article I, section 16, of the constitution excessive fines and cruel and unusual punishments are prohibited.

In deciding what punishment should be imposed in a case of drunkenness the court should take into consideration whether it is a first offense and the circumstances attending the crime. One who endangers the life of others while intoxicated, disturbs a public gathering, or uses vile and obscene language, particularly in the

presence of ladies, should receive greater punishment than one found in this condition in an isolated place and who is not disturbing anyone.

The case will be reversed and remanded for another trial.