CISCO *v.* THE STATE.

*(Jackson,* April Term, 1930.)

Opinion filed May 31, 1930.

T. W. POPE, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a conviction for possessing a still, or parts thereof. The defense is an alibi. Officers intercepted a car belonging to plaintiff in error on the road after night which was found to contain a still and a barrel. Four witnesses for the State testify positively that they saw plaintiff in error in the car and driving it, and saw him leave the car and escape from the scene.

Plausible testimony is introduced by the wife of the plaintiff in error, one Nunally Kink, and plaintiff in error himself that he was at his home, but witnesses for the State are quite positive in their identification, their characters are unimpeached, and the car belonged to plaintiff in error. Under these conditions the question was one of fact primarily for the determination of the jury, whose conclusion was concurred in by the trial judge, and we find no preponderance against the verdict.

It is complained that one of the jurors was related to one of the witnesses for the State in the sixth degree. This is not a ground for reversal. It is so held even when

the witness is also the prosecutor, where the question is not made until after the verdict, and although the relationship was unknown to the defendant before the trial. *Hamilton* v. *State,* 101 Tenn., 417.

██ Also it is said that undue influence was used, based on this relationship, in the course of the consideration by the jury of the case. This matter is set up and supported alone by the affidavit of plaintiff in error, which is manifestly based on hearsay and such an uncorroborated affidavit is insufficient under the rule. *Sherman* v. *State,* 125 Tenn., 19, 50-51.

██ Finally it is insisted that the trial court erred in hearing testimony on a motion for a new trial in the absence of plaintiff in error. The record shows that this evidence was not considered by the Court except as bearing upon the question of the punishment, and that the Court so announced at the time. This Court has recently recognized the right of the trial judge to hear evidence for this purpose after conviction. *Cason* v. *State,* 160 Tenn., 267, 23 S. W. (2d), 665, citing 8 R. C. L., 260; 16 C. J., 1297, and *State* v. *Reeder,* 79 S. C., 139, 60 S. E., 434, 14 Ann. Cases, 968 and note.

██ Nor are we of opinion that it is reversible error for the Court to dispose of a motion for a new trial in the absence of the defendant. The hearing had been duly set and his counsel was present, and the record shows that he did appear the following day at which time the motion for a new trial was overruled. The better authorities seem to hold that the constitutional guaranty of a defendant's right to be present applies only to proceedings prior to and including the return of the verdict of the jury. This appears to be the general rule. In 16 Corpus Juris, 1246, it is said:

"In the United States the general rule is that it is not necessary that defendant should be present at the hearing of a motion for a new trial, even though testimony for or against the motion is taken on the hearing, and notwithstanding the fact that defendant is given, by statute or by constitutional provision, the right to be present during his trial, because the hearing for a motion for a new trial is not a part of the trial. In a few States, however, the rule is that defendant must be present on the hearing for a motion for a new trial."

In *Percer* v. *State,* 118 Tenn., at p. 775, this Court said:

"Defendant's presence is not necessary during proceedings which are no part of the trial, but merely preliminary or subsequent thereto. *Jones* v. *State,* 152 Ind., 318, 53 N. E., 222. According to the better opinion the hearing and determination of a motion for a new trial or in arrest of judgment is no part of the trial, and defendant need not be present. *Com.* v. *Costello,* 121 Mass., 371, 23 Am. Rep., 277; Cyc., Vol. 12, p. 523."

And, again, in *Logan* v. *State,* 131 Tenn., 75, this Court cited with approval *Ward* v. *Territory,* 8 Okla., 12, 56 Pac., 704, to the effect, "that presence at the 'trial' only means that the defendant shall be present in Court from the beginning of the empaneling of the jury until the reception of the verdict and the discharge of the jury."

We find no error and the judgment is affirmed.