## Cox *v.* State.*

*(Knoxville,* September Term, 1946.)

Opinion filed November 30, 1946.

---

*See Hurst v. State, 184 Tenn. 196, supra.

204

Tollett & Tollett, of Crossville, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Special Justice Paul Campbell delivered the opinion of the Court.*

Royce Cox, plaintiff in error, was indicted in the Criminal Court of Cumberland County, Tennessee, for violation of the bone dry law. The record shows that originally a search warrant issued under which officers searched the premises of Cox and found a bottle of whiskey containing less than one quart; that a warrant charging him with possessing less than a quart of intoxicating liquor was issued by a Justice of the Peace, under which warrant said Cox was arrested and a hearing was had on

*Sitting for Mr. Justice Chambliss.

September 22, 1945; that the Justice of the Peace found the defendant guilty as charged and bound him over to the grand jury.

Upon the coming in of the indictment Cox, by his attorneys, moved to remand the case to the Justice of the Peace Court on the grounds that the defendant pleaded guilty to the charge in the warrant of possessing less than one quart of intoxicating liquors; that the Justice would not accept his plea of guilty, and bound him over to the grand jury, which indicted him for possessing less than one quart of whiskey; that the Justice had jurisdiction to try the case, and it was his duty to fine the defendant under the small offense laws of the State upon his plea of guilty. The motion to remand asked that the case be remanded to the Justice of the Peace court for disposition under the defendant's plea of guilty entered in said case.

The Circuit Judge overruled this motion and heard the case on the defendant's plea of guilty to the indictment. Although the indictment shows nothing as to the quantity of liquor involved, the bill of exceptions shows that the charge pressed by the State was that of possessing less than one quart of intoxicating liquors. It shows that the defendant entered a plea of guilty of possessing less than one quart of intoxicating liquors and that judgment was passed by the Court upon the defendant for this specific charge. The Court, on the plea of guilty, heard testimony as to the finding of the liquor, which was shown to be less than one quart—about a fifth—with some gone out of it, and that it was found in the defendant's ice box. The officers who gave this testimony also testified that the defendant pleaded guilty before the magistrate and the magistrate would not let him plead guilty "because he was a bootlegger and a law violator." The

same witness testified that he had never been caught selling. Another witness, the Sheriff, testified that he had had reports that the defendant sold whiskey, but that he had not been caught for selling whiskey.

The Circuit Judge imposed a fine of $50.00 and costs and a jail sentence of ninety days. Motion for new trial was overruled and appeal taken.

The first and fourth assignments of error relate to the failure of the Court to grant the motion to remand the case to the Justice of the Peace to be proceeded with under the small offense law.

█ The motion to remand is not proper procedure under the small offense law. It is provided in Section 11510 of Williams' Code that the proceedings under the provisions relating to small offenses shall be by *certiorari* to the Circuit Court, upon good cause shown by petition of any person aggrieved, verified by affidavit, and upon the order of any Circuit or Criminal Judge to whom the petition is presented. As shown by the recital of facts hereinbefore set out, this procedure was not followed in any respect. We think the procedure is mandatory and that not having been followed the Circuit Judge did not err in failing to grant defendant's motion to remand.

█ █ The second and third assignments are to the effect that the Court erred in holding that the Justice of the Peace acted within his authority by binding defendant over to await the action of the grand jury, when he pleaded guilty to the charge of possessing less than one quart of intoxicating liquor. Under the provisions of Code, secs. 11220, 11221, as amended by the Acts of 1937, Chapter 56, Section 1, the minimum fine for violating the laws prohibiting the manufacture, sale, importation, transportation or possession of intoxicating liquors, was reduced from $100 to $10, provided the amount of in-

toxicating liquor transported, received or posssesed does not exceed one quart. It did not affect the maximum punishment for such offense. The Act further gave to. Justices of the Peace and/or Courts of General Sessions jurisdiction under the small offense law to hear and determine such cases on a plea of guilty, and provided that the procedure should be as now provided by law in other cases of submission before Justices of the Peace and/or Courts of General Sessions under the small offense law. The effect of conferring jurisdiction on the Justice of the Peace to determine these cases simply gave him the right, under the law, to dispose of these cases if, in his judgment, the offense did not merit a punishment greater than a fine of $50. Code, Section 11500. It did not compel him to violate his judgment by imposing a fine under the small offense law if, in his judgment, the offense merited a greater punishment than $50. This Act simply gave the Justice of the Peace a jurisdiction that he had not formerly had, but left the maximum punishment for violation of the liquor laws just as it had been prior to this enactment. When it appeared, as it did from the record, that the Justice of the Peace found the defendant guilty and bound him over to the grand jury, it must be presumed that he did so because he thought the offense merited a greater punishment than $50. This is borne out by the testimony of an officer, whose testimony was taken before the Circuit Judge, the testimony being to the effect that the Justice would not accept the plea of guilty because the defendant was a bootlegger and a law violator. We find no error in the action of the Circuit Court under these assignments.

We do not think that the case of *Leech* v. *State,* 124 Tenn. 74, 135 S. W. 320, is in conflict with this opinion. That case simply held that upon the defendant's offer

to plead guilty, the Justice should have proceeded with the case. It does not hold that the Justice, in proceeding, was deprived of his discretion under Section 11500, which permitted him to bind the offender over to the grand jury if he thought that the offense merited a greater punishment than $50.

The fifth and sixth assignments are so related that they can be disposed of together. The fifth assignment is that the verdict is extremely excessive, and the sixth assignment is that the Court erred in permitting the Attorney General to put on proof concerning appellant's character, as to whether or not he was a liquor violator. The testimony introduced before the Circuit Judge in respect to these matters comes from two officers, the first of whom testified that it was reported that he was selling whiskey. The other officer testified that he had reports that he sold whiskey. The record discloses that the charge pressed by the State was that of possessing less than a quart of whiskey.

It has been held in the case of *Cason* v. *State*, 160 Tenn. 267, 23 S. W. (2d) 665, 667, that—

"It is now well settled that where it devolves on the court to determine the amount of punishment, either on the verdict by the jury or on a plea of guilty, evidence may be received in aggravation or mitigation of the punishment."

However, the Court continued—

"The reason for the admission of such evidence is to enable the court to inform himself as to the character of the accused and the circumstances of the crime, so that he may be able to exercise his discretion intelligently and pronounce a just sentence; a privilege of his in the exercise of which he doubtless should use the utmost caution. The punishment should be proportioned to the offense,

and should be made to fit the crime and not the offender. On a charge of drunkenness, the accused could not be punished for some other offense.''

■■ Here the evidence before the Circuit Judge was as to the defendant's reputation or character as a seller of whiskey. He was not charged with that offense in the instant proceeding, but was prosecuted on the charge of possessing less than a quart of intoxicating liquor. In view of this we think that the evidence as to the selling of liquor did not relate to the offense with which this defendant was accused, so that the punishment of imprisonment imposed by the Judge on the plea of guilty was based upon evidence of another offense. This would make it appear that the punishment was being made to fit the offender rather than the crime. Accordingly we are of opinion that the imposition of imprisonment was excessive punishment.

The punishment of jail sentence is remitted, but as to the fine the Circuit Court is affirmed.