Courtney *v.* State.

(*Knoxville,* September Term, 1947.)

Opinion filed October 18, 1947.

Rehearing denied November 29, 1947.

248

SUSONG, PARVIN, FRAKER & ROGAN, of Greeneville, for plaintiff in error.

J. MALCOLM SHULL, Asst. Atty. Gen., for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error, defendant below, has appealed from a conviction of possessing intoxicating liquors. The jury fixed his punishment at a fine of one hundred dollars, to which the trial judge added a jail sentence of sixty days.

There is little dispute as to the evidence. The sheriff, armed with a search warrant, went to the home of Courtney and before entering the house heard a noise as if glass was being broken. Upon being admitted, he found broken colored bottles, similar to whisky containers, and a pool of liquor on the floor. He also claimed to have found some whisky on adjoining premises. The defendant was away from home at the time of the search. The evidence on behalf of the defendant is that the liquor found in a nearby garden must have been the property of another; that there is no evidence to connect him with it, and the same is true as to the whisky that was found

some five hundred yards back of the home of the defendant.

When the jury had deliberated for several hours they returned into court and reported their inability to agree. It finally developed upon inquiry by the Court that they agreed that the defendant was guilty of possessing whisky, but could not agree as to the quantity. One juror stated he would hold out for a week, or words to that effect, before he would agree, to which the Court replied, "Well, a week is a long time, but I can stay with you." The jury was instructed to retire and try to reach a decision. After much delay they returned into court, reporting a verdict of guilty, and fixed his fine at one hundred dollars, as above stated.

A new trial was asked upon numerous grounds, all of which were overruled, and an appeal prayed to this Court. The assignments of error are five in number. They relate (1) to the insufficiency of the evidence to sustain a conviction; (2) error in permitting the sheriff to testify as to finding whisky on the premises, because of illegality of the search; (3) in not entering a mistrial when upon a poll of the jury it was seen they could not agree; (4) in refusing to instruct the jury to fix the amount of whisky possessed by the defendant; and (5) because the punishment is excessive.

We think under the authority of *Webb* v. *State*, 173 Tenn. 518, 121 S. W. (2d) 550, the warrant conferred no right to search premises other than those of the defendant. The defendant cannot complain, however, about the unlawful search of property not his own. In the instant case the premises are sufficiently described in the warrant and hence the search of defendant's home was authorized. *O'Brien* v. *State*, 158 Tenn. 400, 14 S. W. (2d) 51; *Lea* v. *State*, 181 Tenn. 378, 181 S. W. (2d) 351.

 We find no error in the refusal of the Court to enter a mistrial when the jury reported they could not agree. While the remark of the trial judge that he was not averse to waiting a week for them to agree cannot be approved, we cannot say, in view of later developments, that the defendant was unduly prejudiced. The disagreement was not as to defendant's guilt but as to the quantity of liquor found. The matter of discharging the jury imposes a serious responsibility, and the trial court acts with much discretion, as well as caution. In the instant case we cannot say that the Court acted without due caution. The jury should be held together for a reasonable time and the trial judge will not be put in error in the absence of evidence of some arbitrary act of his in which the verdict is possibly the result of judicial coercion.

 We do not think the evidence preponderates against the verdict. The defendant finally contends that the imposition of the workhouse sentence was the result of an unauthorized collateral inquiry and that the sentence is excessive. When the trial judge reached the point of passing sentence upon the defendant, he inquired of the Attorney General, ''What punishment do you want for this man?'' He replied, ''The State recommends sixty days,'' etc. The Court: ''What did the others get? I mean the jail sentence; of course the jury fixes the amount of the fine.'' The Clerk: ''Your Honor gave Bradley sixty days and Reynolds . . . '' Mr. Gray: ''He got ninety days. He is the one who had twelve pints in his car,'' etc. Following this colloquy between the Court, the Attorney General and the Clerk, the sheriff was sworn and testified as to the defendant's reputation, stating that he had the reputaion of possessing liquor for sale.

 In *Cox* v. *State*, 184 Tenn. 203, 197 S. W. (2d) 812, we dealt with this question and held that the punish-

ment should fit the crime and not the accused. The holding of the Court in that case should be confined to its own facts, that is, that the prosecution should not be allowed to offer proof as to other specific criminal acts in which the defendant may have been involved. We do not understand the opinion to go so far as to deny the right of the trial judge to inquire as to the reputation of the defendant for general law observance. One might have a good reputation in his community, although the record showed a conviction of some act of criminal misconduct. Where a defendant stands convicted of the unlawful possession of whisky, it is his right to offer proof in support of his contention that he did not possess it for any unlawful purpose.

In determining whether or not a jail sentence should be imposed, where the defendant is convicted of violating the liquor laws, the trial judge should be and is given a wide discretion. However, in all cases, the Court should give notice of his desire to hear proof concerning the defendant's reputation and give both the State and the defendant a reasonable opportunity to introduce evidence in aggravation or in mitigation of the offense of which the defendant stands convicted.

In *Cason* v. *State*, 1930, 160 Tenn. 267, 23 S. W. (2d) 665, 667, it was said by this Court: ''It is now well settled that, where it devolves on the court to determine the amount of punishment, either on a verdict by a jury or on a plea of guilty, evidence may be received in aggravation or mitigation of the punishment.'' To the same effect see also *Cisco* v. *State*, 160 Tenn. 681, 28 S. W. (2d) 338.

The annotator in 77 A. L. R., at page 1211, says that ''A majority of American cases'' follow the principle announced in the above well considered cases.

Now it appears from the record in the instant case that the trial judge gave consideration to the fact that the defendant had the reputation of possessing whisky for the purpose of sale, that he had been convicted in a magistrate's court and fined thirty-five dollars for possessing whisky. The record also shows that when the sheriff had concluded his testimony as a character witness the Court asked defendant's counsel, "Do you care to introduce any proof yourself in connection with this part of the case? Mr. Rogan, in reply: "No, if the Court please."

It thus appears that the trial judge gave the defendant in the instant case an opportunity to introduce evidence touching his general character for law observance.

We find no error in the record and judgment of the trial court is affirmed.

All concur.