WADDELL, Plaintiff in error, v. STATE, Defendant in error.

*June 1—June 30, 1964.*

For the plaintiff in error there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, and *William A. Platz,* assistant attorney general.

WILKIE, J.   Two issues are raised on this writ of error.

1. Was defendant's guilty plea induced by misrepresentations by the prosecuting attorney?

2. Was the sentencing court's rejection of probation, and the imposition of a ten-year prison term, an abuse of discretion under the circumstances of this case?

Waddell alleges in his petition for writ of error that the prosecuting attorney orally agreed to guarantee Waddell pro-

bation if he plead guilty to the charge. This agreement, he alleges, was a *quid pro quo* for his written promise to plead guilty if the polygraph test revealed deception in his answers to questions relating to the matter at issue.

Because the prosecuting attorney lacked the power to *guarantee* Waddell probation, and further, because the prosecuting attorney in fact vigorously argued that Waddell should be incarcerated for a substantial period of time, Waddell claims that his plea was induced by misrepresentation, and hence should be vacated and the judgment of conviction set aside.

However, in this record we simply have the defendant's assertions relating to the prosecutor's conduct. The record does not contain any facts to back up the defendant's charges and therefore, on this writ of error there is no basis for holding that the defendant's guilty plea was induced by any misrepresentation by the prosecuting attorney.

Waddell's claim that the ten-year prison term represents an abuse of discretion [1] by the sentencing judge is based upon two lines of argument: (1) The court was influenced by data coming from improper sources. (2) Considering all of the data, the sentence is unreasonably severe.

As to the first claim, the court relied upon information contained in the presentence investigation report, data supplied by the prosecuting attorney in oral argument, and information communicated directly to the court by interested third parties.

The court may utilize data contained in a presentence investigation report in determining an appropriate sentence. Although there is no express general statutory authorization for these reports they are widely used by sentencing judges.[2]

---

[1] *State v. Tuttle* (1963), 21 Wis. (2d) 147, 124 N. W. (2d) 9.

[2] See authorizations for such reports in certain types of cases as discussed in *State v. Carli* (1957), 2 Wis. (2d) 429, 440c, 86 N. W. (2d) 434, 87 N. W. (2d) 830.

Typically, such reports contain pertinent information relating to the defendant's personality, social circumstances, and his prior criminal record (if any). The defendant's access to these reports depends solely upon the discretion of the sentencing judge. The United States supreme court has held that denying the defendant or his counsel access to these reports does not violate due process under the Fourteenth amendment.[3] We have held that such denial does not violate defendant's right "to demand the nature and cause of the accusation against him" under sec. 7, art. I, Wisconsin constitution.[4]

Whether this court should hold that, as a matter of law, the sentencing court must make the complete report, or any part of such report, available to the defendant and his counsel to permit them to offer rebuttal information or to make counterargument,[5] is a matter we need not decide here since in the instant case the trial court made the entire presentence report available to defense counsel prior to the hearing on sentence. Neither the defendant nor his counsel offered any rebuttal information or argument and there was no abuse of discretion in the court's use of this information.

The prosecuting attorney may properly use information relating to complaints of other offenses in his argument on sentence. These complaints are evidence of a pattern of behavior which, in turn, is an index of the defendant's character, a critical factor in the sentencing. Here, the prosecution alleged that the particular instance of fraud for which the defendant plead guilty was only one example from an entire

---

[3] *Williams v. New York* (1949), 337 U. S. 241, 69 Sup. Ct. 1079, 93 L. Ed. 1337.

[4] *State v. Carli, supra.*

[5] Such a practice was approved in divorce proceedings where the court, on its own initiative, gathers information on which at least in part it bases its decision on questions of child support. See *Kritzik v. Kritzik* (1963), 21 Wis. (2d) 442, 124 N. W. (2d) 581.

life pattern of confidence schemes. The prosecution pointed out that in 1938 Waddell had been convicted of arson and placed on probation, which was subsequently revoked because of his involvement in fraudulent schemes. Numerous complaints, charging that Waddell had obtained property through fraudulent representations had been recently made by persons (mostly women) in this jurisdiction, and in Minnesota. The defendant had an opportunity to rebut the arguments and information of the prosecuting attorney. He did not. The court's use of this information was not an abuse of discretion.

The sentencing judge may also utilize other information communicated directly to him (only if relevant to sentencing matters) by interested persons providing that he reveals the nature of the information and the identity of the communicants to the defendant.

In the instant case, at the arraignment the trial court questioned Waddell as to his recent activities particularly as to whether or not Waddell had contacted any women seeking to establish them as retailers for the food-supplement business he had previously engaged in, and at the time still pursued, as a wholesale distributor (in addition to his job as a restaurant cook). Waddell acknowledged that he had briefly spoken with a particular woman discussing, among other things, establishing her as a retailer for food supplements. At the close of the arraignment hearing, the court admonished Waddell not to have any contacts with the particular woman, or "anymore women" prior to the hearing on the sentence.

At the hearing on sentence, Waddell admitted that he had seen a woman (who had previously complained that he had defrauded her) subsequent to the April 11th hearing, and had had sexual relations with her during this time. The court concluded that by his own admission Waddell had made it clear that he would continue the pattern of manipula-

tive, exploiting behavior, regardless of what his occupational role might be. There was no abuse of discretion in the court's use of this additional information.

As to the sentence itself, Waddell claims that even if the information upon which the sentence was predicated was properly considered, a ten-year prison term is so severe under these circumstances that its imposition was an abuse of discretion.[6] We disagree.

The trial court concluded that, unless incarcerated, Waddell would continue his life-long pattern of manipulating and exploiting members of the community by confidence schemes. The trial court did not abuse its discretion, either in rejecting probation or in imposing a ten-year sentence. (The maximum punishment for the offense that could have been imposed was fifteen years, plus a fine of not more than $10,000, or both.)

*By the Court.*—Judgment affirmed.