204 So.2d 564

**Daniel C. POOLE**

**v.**

**STATE.**

**I Div. 262.**

Court of Appeals of Alabama.

Nov. 14, 1967.

Bryce U. Graham, Tuscumbia, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

Delano J. Palughi, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CATES, Judge.

Poole pled guilty to receiving stolen goods.

The entire transcript of evidence shows the following:

"THE COURT: The indictment in this case charges that you did buy, conceal or aid in concealing a 1964 Chevelle, the property of Johnston Chevrolet, knowing that the property was stolen, or having reasonable grounds for believing that it was stolen and not having the intent to restore it to the owner,—do you understand that charge?

"DEFENDANT: Yes sir.

"THE COURT: The Record must show that he is here with his Attorney, Mr. Palughi.

"THE COURT: Are you guilty of doing that?

"THE DEFENDANT: Yes sir.

"THE COURT: Mr. Pfleger, do you know anything about this case?

"MR. PFLEGER [ASSISTANT DISTRICT ATTORNEY]: Judge, I didn't bring my file in Court because the presentence always covers everything that is in my file. I can get it in a moment.

"THE COURT: That's alright.

"MR. PALUGHI [DEFENDANT'S COUNSEL]: Judge, he claims he bought the car to get the parts, to take the motor out of the Johnston Chevrolet automobile to get the parts to fix his automobile.

"THE COURT: Are you aware that the presentence investigation, the last half of the first page, and the first half of the second page is made up of a list of his prior offenses?

"MR. PALUGHI: No sir, I haven't seen the report. Is it possible you could hold this for a moment?

"THE COURT: Yes sir.

"MR. PALUGHI: For personal reasons, I want to talk to my client just a moment.

"THE COURT: Alright. (Discussion between Attorney and Defendant)

*   *   *   *   *   *

"THE COURT: Do you have anything to say why the sentence of law should not be passed upon you?

"THE DEFENDANT: Yes sir, Your Honor, I would like to ask you please give me another like chance. I have a lot of liability and even though my grandmother, she has the money to pay for the car. I bought a car and it was stolen from me and I was trying to get enough to get me another car.

"THE COURT: You have about the worst general reputation of anybody I have ever seen. You now have two girls pregnant by you and you are not

 

married to either one of them. You have been arrested twenty times over the past five years.

"THE COURT: On your pleas of guilty, the Court now adjudges you to be guilty of the offense of receiving and concealing stolen property as charged in the indictment and sentences you to be confined in the State Penitentiary for a period of seven years."

Our statutes make no express mention of a pre-sentence report by the probation officer. Nevertheless, we see no policy to discourage the practice, provided that such a report is available to the defendant in open court as we find in the instant case.

Analogy to the rules for reception of proof of prior similar offenses in cases of statutory aggravation as laid down in Yates v. State, 245 Ala. 490, 17 So.2d 777 (head-notes 5–8), should be controlling. See also Smith v. United States, 5 Cir., 223 F.2d 750.

■ There is no due process question so long as the plea of guilty leads to punishment which is within that prescribed for the crime charged. See Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326.

In Specht v. Patterson, supra, Mr. Justice Douglas referred to Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, as still valid. Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516, reh. den. 359 U.S. 956, 79 S.Ct. 737, 3 L.Ed.2d 763; see Anno. 3 L.Ed.2d 1808, Anno. 96 A.L.R.2d 768, and 21 Am.Jur.2d Crim.Law, § 303.

■ We expressly reject the doctrine of the Tennessee cases[1] which seem to restrict the sentencing authority to consideration almost exclusively as to the quality of the charged offense. This is a general rule of evidence for ascertaining guilt.

However, after conviction, the additional proof leading to the punishment need not be so confined, except where the statute directs, as in homicide.

Vengeance, repression, retribution, reform, re-education, and deterrence—each to some extent may motivate man-made punishment. Society and the victim, as well as the criminal, should be considered.

■ Except where the Constitution or statute expressly forbids, we consider that the judge in open court has discretion to enquire as to the conduct and reputation of the defendant where he, the judge, sets punishment. State v. Pope, 257 N.C. 326, 126 S.E.2d 126, is a good guide.

The judgment of the circuit court is hereby

Affirmed.

---

1. E. g., Cason v. State, 160 Tenn. 267, 23 S.W.2d 665; and Courtney v. State, 185 Tenn. 247, 205 S.W.2d 752.