STATE, Respondent, v. SMITH, Appellant.

*No. State 81. Argued October 31, 1969.—Decided November 25, 1969.*
(Also reported in 172 N. W. 2d 18.)

For the appellant there was a brief and oral argument by *Kenan J. Kersten* of Milwaukee.

For the respondent the cause was argued by *Michael Ash,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HANLEY, J. The sole issue raised on this appeal is whether the trial judge abused his discretion in sentencing the defendant to the maximum terms allowed by statute.

In *Waddell v. State* (1964), 24 Wis. 2d 364, 129 N. W. 2d 201, this court held that the trial judge, in imposing sentence for an admitted crime, could consider other unproven offenses. The reason for allowing the judge to do so is that these other offenses are "evidence of a pattern of behavior which, in turn, is an index of the defendant's character, a critical factor in the sentencing." *Waddell v. State, supra,* at page 368.

The defendant does not dispute the propriety of the *Waddell* decision. It is his contention that, in the instant case, the intent of the judge was not to sentence him for the admitted crimes, but to "punish" him for the un-

proven offenses. Relying upon a comment made by the judge prior to sentencing, the defendant, in effect, implies that the judge acted from a vindictive motive, thereby abusing his discretion.

In support of his major premise that a judge cannot "punish" for unproven offenses, he cites *Cox v. State* (1946), 184 Tenn. 203, 197 S. W. 2d 812; *People v. Grigsby* (1966), 75 Ill. App. 2d 184, 220 N. E. 2d 498; and *United States v. Pendergast* (D. C. Mo. 1939), 28 Fed. Supp. 601.

To establish that the judge did, in fact, punish him for the unproven offenses, he relies upon the judge's statement that "they [all offenses] are all being wrapped up in one package today."

The cases cited in support of defendant's major premise are a minority view in this country and are not binding upon this court. More importantly, however, they are distinguishable from the instant case in that they involve no agreements such as that entered into by the defendant.

In the instant case the defendant voluntarily agreed to allow the judge to consider unproven offenses so that, should the state later attempt to prosecute him, he could successfully assert the defense of double jeopardy. He was fully aware that under this agreement the judge could not, under any circumstances, sentence him for the proven crimes to a term longer than that permitted by statute. Having received the obvious benefits of his agreement, he now asserts that his sentence was excessive in that the judge "punished" him for the unproven burglaries rather than (or in addition to) "sentencing" him for his proven offenses.

We do not think the trial court abused its discretion in sentencing the defendant. The statement relied upon by the defendant certainly does not afford proof of an improper motive.

The full context of the court's statement on this subject is as follows:

"Smith stands before this court in a poor position by any consideration. Both boys have benefited by the total testimony involving all the offenses, because if they were separated the total sentence could be staggering, but they are all being wrapped up in one package today. . . ."

An examination of this statement, rather than establishing the applicability of defendant's major premise to the instant case, merely highlights the advantages already received by his agreement.

Here the defendant by his agreement assures himself the right to assert successfully the defense of double jeopardy; he avoids a long criminal record; if not indigent, he saves legal expense; and he is guaranteed a term within the limitation of the statutes covering the offenses upon which he has been convicted. It cannot be said his agreement was without consideration.

Further evidence of the judge's sincere concern and lack of malice is indicated by his statement that:

"I am taking into consideration the respective pleas of guilty. I will not make the sentences consecutive, but I will make them substantial, because I do know that the release dates are flexible, so that if these defendants show at the institution an indication that convinces the authorities that they have manifested some desire to really do a good job for themselves in the future, they will be given credit for it, I am sure."

We conclude that in light of the aforementioned advantages received by the defendant, coupled with the fact that the sentences were to run concurrently, no abuse of discretion has been shown by the trial court in imposing the fifteen-year and ten-year sentences to run concurrently.

*By the Court.*—Judgment affirmed.