MALLON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 91. Argued November 6, 1970.—Decided December 1, 1970.*
(Also reported in 181 N. W. 2d 364.)

For the plaintiff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *Joseph M. Wilson,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

CONNOR T. HANSEN, J. Three issues are raised on appeal:

(1) Did the trial court err in denying defendant's motion for withdrawal of her guilty plea and vacation of sentence because the sentence was imposed after

taking into consideration testimony concerning the defendant's participation in uncharged offenses pursuant to a stipulation with the district attorney?

(2) Did the trial court err in denying defendant's motion for withdrawal of her guilty plea and vacation of sentence because the defendant was not present at an in-chambers conference prior to sentencing?

(3) Does the twenty-five year sentence imposed constitute cruel and unusual punishment?

### *Validity of stipulation.*

This court has approved the use of stipulations concerning uncharged offenses by the trial court in considering the appropriate sentence to be imposed in the disposition of a case based upon conviction of a charged offense.

"This procedure must be distinguished from a practice in this state, especially in Milwaukee, of charging a multiple offender with two or more offenses for which the evidence is most conclusive and bringing the judge's attention to additional uncharged offenses prior to sentencing. Upon agreement between the state and the accused, the judge may take these offenses into consideration and the prosecution agrees not to prosecute. It is expected the uncharged crimes will influence the length of the sentence for the crime or crimes the defendant has been found guilty of or to which he has plead guilty. The advantage of this technique to the accused is that he can clean his slate of several uncharged crimes with the safety or only receiving at the most the maximum sentence on the one or two crimes of which he is convicted. . . ." *Embry v. State* (1970), 46 Wis. 2d 151, 157, 158, 174 N. W. 2d 521.

We do not consider such a stipulation to be against public policy. Also we here determine that once such a stipulation has been entered into, properly considered by the trial judge, and made a part of the record with supporting testimony, the defendant is not subject to further prosecution on uncharged offenses; and that under proper

circumstances the district attorney can enter into such a stipulation. This court has recognized the broad discretion the district attorneys of this state have in determining whether or not to prosecute.

"The district attorney in Wisconsin is a constitutional officer and is endowed with a discretion that approaches the quasi-judicial. *State v. Peterson* (1928), 195 Wis. 351, 359, 218 N. W. 367.

"It is clear that in his functions as a prosecutor he has great discretion in determining whether or not to prosecute. There is no obligation or duty upon a district attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice, and this does not per se require prosecution in all cases where there appears to be a violation of the law no matter how trivial. . . ." *State ex rel. Kurkierewicz v. Cannon* (1969), 42 Wis. 2d 368, 378, 166 N. W. 2d 255.

In *State v. Smith* (1969), 45 Wis. 2d 39, 172 N. W. 2d 18, this court also approved the trial court's consideration of an agreement between the state and the defendant to consider uncharged offenses in sentencing on the conviction of the charged offense. In approving this procedure, it was determined that the defendant could successfully assert such an agreement or stipulation in the event of any future attempt to prosecute for the uncharged offenses, avoid a lengthy criminal record of convictions and be assured of sentence within the limitations of the offense or offenses for which he was convicted.

This issue was raised in defendant's postconviction motion in the trial court. The trial court properly denied the motion, founding its determination on the proposition that the assertion of due process would prevent subsequent prosecution of the uncharged offenses, and in so doing made the following pronouncement, which we quote with approval:

"But I think it can be asserted that even though the district attorney speaks as the district attorney and the incumbent district attorney, acting through his assistant district attorneys here in those stipulations, I think that he nevertheless binds the state perpetually. I think the very distillation of due process is fundamental fairness, and I am sure this distillation of due process in its most epigrammatic form would serve to obliterate the opportunity on the part of any future intrepid prosecutor to proceed with the prosecution of those matters considered by the court. And I would consider that any trial court would cut down any such attempts to resurrect charges which are once considered in a stipulation such as we have here, and indicate to the prosecutor that he has made a binding contract on the part of the state with the defendant that no prosecution would ensue. And I believe that an appellate court, under those circumstances, would consider it an invasion of fundamental fairness—a violation of it and quite contrary to that beneficent distillation of due process. And while it might not be couched in terms or phraseology of double jeopardy, nevertheless I think the fairness of due process would procedurally protect the defendant against any potential subsequent incursions into that field that were contracted with through the district attorney on behalf of the sovereign state. . . ."

### Conference in chambers.

At the conclusion of the postplea hearing, after the court had formally found the defendant guilty, the defendant's trial counsel requested a presentence investigation. The assistant district attorney recommended a disposition without the aid of a presentence investigation. Thereafter, an adjournment was had, and the trial judge, the assistant district attorney and counsel for the defendant, met in the chambers. When the hearing was reconvened, subsequent to the conference in chambers, the trial judge stated a presentence investigation would not be ordered and actual sentencing would be deferred for one week.

At the postconviction hearing, the defendant's trial counsel testified that at the conference in chambers the trial judge indicated he was going to sentence the defendant to twenty-five years; that he, defendant's counsel, felt the sentence was too severe; and that he had argued with the judge about the sentence to be imposed. He also testified that after the conference he had discussed with the defendant what had occurred in the conference in her absence.

In *Taylor v. United States* (8th Cir. 1967), 385 Fed. 2d 835, the court affirmed an order denying a motion for vacation of sentence because the defendant was not present at a conference in chambers in support of mitigation of punishment. The court stated:

". . . the conference in chambers in support of mitigation of punishment, which occurred after the acceptance of the plea of guilty and before sentence was imposed, does not constitute a part of the trial. No reasonable probability here exists that the defendant was in any way prejudiced by such conference in chambers. Defendant was present when sentence was imposed and full opportunity for allocution was afforded." *Taylor v. United States, supra,* 837.

Similarly, in this case, the defendant was not prejudiced by her absence from the conference. Defendant was afforded an opportunity to allocution; immediately after the conference she was informed of what had taken place; and she was present at the final hearing where her counsel made a plea in mitigation and sentence was imposed.

While the instant case was before the trial court shortly after this court's decision in *Ramer v. State* (1968), 40 Wis. 2d 79, 161 N. W. 2d 209, we again observe the increasing frequency in which issue is raised on appeal concerning conferences in chambers and the absence of a record thereof. Although no specific rule has been adopted by this court, the matter has also been considered in *State v. Harrell* (1968), 40 Wis. 2d 187, 161 N. W. 2d

223; *State v. Wolfe* (1970), 46 Wis. 2d 478, 175 N. W. 2d 216; and during the current term in *State v. Clarke,* ante, p. 161, 181 N. W. 2d 355.

### *Cruel and unusual punishment.*

The defendant was sentenced to an indeterminate term of not more than twenty-five years in the Wisconsin state prison. The maximum sentence for armed robbery, of which the defendant was convicted, is thirty years. In this case, in addition to the crime charged, the court heard testimony concerning the defendant's participation in five other armed robberies, which testimony was properly considered by the trial court in imposing sentence.

"In *Waddell v. State* (1964), 24 Wis. 2d 364, 129 N. W. 2d 201, this court held that the trial judge, in imposing sentence for an admitted crime, could consider other unproven offenses. The reason for allowing the judge to do so is that these other offenses are 'evidence of a pattern of behavior which, in turn, is an index of the defendant's character, a critical factor in the sentencing.' *Waddell v. State, supra,* at page 368." *State v. Smith, supra,* 41.

The trial court has discretion in determining the length of sentence within the permissible range set by statute. A sentence within the statutory maximum is cruel and unusual and, therefore, an abuse of discretion only where it is " ' ". . . so excessive and unusual, and so disproportionate to the offense committed, as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances. . . ." ' " *State v. Pratt* (1967), 36 Wis. 2d 312, 322, 153 N. W. 2d 18. Under the facts of this case, we do not consider that the sentence imposed was so excessive as to constitute cruel and unusual punishment, nor do we find that the trial court abused its discretion when imposing sentence.

*By the Court.*—Judgment and order affirmed.