IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2005

## WAYFORD DEMONBREUN, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-B-1131     Steve Dozier, Judge**

_____

**No. M2004-03037-CCA-R3-HC - Filed June 30, 2005**

_____

The petitioner, Wayford Demonbreun, Jr., appeals from the trial court's dismissal of his *pro se* petition for writ of habeas corpus. Following our review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Wayford Demonbreun, Jr., Nashville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In February of 1997, the petitioner was convicted by jury of second degree murder and aggravated assault and received an aggregate sentence of twenty-five years. His convictions were affirmed on direct appeal, and he was denied post-conviction relief. See State v. Wayford Demonbreun, Jr., No. M1998-00239-CCA-WRM-PC, 2000 WL 236458 (Tenn. Crim. App., at Nashville, March 3, 2000), perm app. denied (Tenn. Sept. 25, 2000); Wayford Demonbreun, Jr. v. State, No. M2002-02195-CCA-R3-PC, 2003 WL 22663212 (Tenn. Crim. App., at Nashville, Nov. 7, 2003), perm app. denied (Tenn. March 8, 2004). In October 2004, the petitioner filed a *pro se* petition for writ of habeas corpus. The trial court dismissed the petition, finding no grounds entitling the petitioner to habeas corpus relief.

The petitioner now appeals the trial court's dismissal.[1]  The petitioner reasserts two arguments presented in his habeas petition.  The petitioner essentially claims that his petition for habeas corpus should be granted because he did not receive a hearing or disposition on his motion for a new trial, which violated his constitutional rights; and his sentences were unconstitutionally enhanced in violation of his right to a jury trial as proscribed by Blakely v. Washington, 542 U.S. ----, 124 S. Ct. 2531 (2004).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief.  Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ.  The grounds upon which a writ of habeas corpus may be issued are very narrow.  McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).  A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).  The purpose of a habeas corpus petition is to contest void and not merely voidable judgments.  Archer, 851 S.W.2d at 163.  A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity.  See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal."  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).  Moreover, it is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim.  See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The petitioner's argument relating to the lack of hearing and disposition of his motion for a new trial is not a cognizable claim entitling him to habeas corpus relief.  First, it is our view that a motion for a new trial is a procedural requirement, any defect of which would render a judgment voidable not void.  See Tenn. R. App. P. 3(e).  Furthermore, this issue was addressed by this Court in both the petitioner's direct and post-conviction appeals.  As we explained, the  petitioner had no constitutional right to be present at a hearing on his motion for new trial.  See Demonbreun, 2003 WL 22663212, at *3 (citing Cisco v. State, 28 S.W.2d 338 (Tenn. 1930)).  "[T]he lack of a hearing itself afforded no constitutional peril to the petitioner" because the only issue presented in his motion

---

[1] As noted in the State's brief, the petitioner's notice of appeal is untimely.  Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought.  Although the *pro se* notice of appeal indicates that the petitioner drafted it within the thirty-day requirement, the criminal court clerk's stamp on the notice of appeal indicates that the notice was filed three days late.  However, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4.  In this case, the record reflects that the petitioner's notice of appeal was only filed three days late.  Consequently, we will waive the timely filing of the notice of appeal in the interest of justice and address the issues on the merits.

for new trial was the sufficiency of the convicting evidence which was resolved on direct appeal. Id. Therefore, the petitioner cannot now resurrect an issue laid to rest by this Court by attempting to re-frame it on collateral attack. Even assuming arguendo, that the petitioner had a constitutional right to a hearing on his motion for a new trial, we have previously held that constitutional infirmities create voidable judgments not void judgments unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the petitioner. See Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); Earl David Crawford v. State, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App., at Nashville, Feb.15, 2005). Therefore, habeas corpus relief is not available for this issue.

The petitioner's Blakely argument also fails. First, this Court has previously determined that even if a Blakely violation occurred at the time of conviction and sentencing, such a violation would render the judgment voidable, and not void, unless the face of the record established that the trial court did not have jurisdiction to convict or sentence the petitioner. See Stanley Harvell v. Glen Turner, No. W2004-02643-CCA-R3-HC, 2005 WL 839891, at *2 (Tenn. Crim. App., at Jackson, April 12, 2005); Earl David Crawford v. Ricky Bell, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Second, our supreme court has held that Blakely does not announce a new rule of law or impact the validity of our statutory sentencing scheme. State v. Edwin Gomez and Jonathan S. Londono, No. M2002-01209-SC-R11-CD, --- S.W.3d ----, 2005 WL 856848, at **11, 22 (Tenn. April, 15, 2005), petition to rehear denied (Tenn. May 18, 2005). In addition, our supreme court has indicated that Blakely issues are not subject to retroactive application. Id. at *13 n.16. Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. Hickman, 153 S.W.3d at 20.

The petitioner has not presented a cognizable claim entitling him to habeas corpus relief. He has demonstrated neither a facially invalid judgment nor an expired sentence. Accordingly, the judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE