JESSE ANDERSON, PLAINTIFF IN ERROR,. *v.* STATE OF TEN-
NESSEE, DEFENDANT IN ERROR.

(Nashville, December Term, 1932.)

Opinion filed February 11, 1933.

T. G. HINSON, GORDAN B. WALKER and SAM R. TURNER, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiff in error was convicted of violating the prohibition statute, the jury fixing his fine at $100, to which the court added a workhouse sentence of ninety days.

 Sheriff Climer testified that on a particular Sunday afternoon in May, 1931, as he was approaching the city of Lebanon in his automobile, he saw the plaintiff in error get out of his car, deliver a quart of whiskey to Frank Crawford, and receive pay therefor. This witness, as well as others introduced by the State, testified that plaintiff in error had the reputation of be-

ing a bootlegger. This testimony was excepted to by plaintiff in error, but the court admitted it solely for the purpose of being considered in determining the amount of punishment to be imposed, if the jury should find the plaintiff in error guilty. The plaintiff in error did not testify and did not put his character in issue. The trial court committed error in admitting this testimony since it was incompetent for any purpose.

In 33 Corpus Juris, 781, it is said: "In accordance with the rules governing the admissibility of evidence of the character or reputation of accused in criminal prosecutions generally, accused has a right to introduce evidence of good character; but evidence of the bad reputation of accused as being a bootlegger, a seller of intoxicating liquor, or a violator of the liquor laws, is not admissible on behalf of the state, unless accused has first put his character in issue by introducing evidence of good character, or by becoming a witness, or by filing a sworn plea for suspension of sentence, if convicted, or unless the admission of such evidence is expressly authorized by statute."

The general rule as to the admission of testimony touching the reputation of accused is thus stated in 16 Corpus Juris 580-581: "except to the limited extent to which defendant's character may be attacked for purposes of impeachment when he takes the stand in his own behalf, the state is not entitled to introduce evidence of the bad character or reputation of accused unless he has clearly and expressly put his character in issue by introducing evidence of good character."

In the note to the above text the author quotes from *Ware* v. *State,* 91 Ark., 555, 559, 121 S. W., 927, as follows:

"This doctrine is founded upon the wise policy of avoiding the unfair prejudice and unjust condemnation which such evidence might induce in the minds of the jury. If such testimony should be admitted, the defendant might be overwhelmed by prejudice instead of being tried upon evidence affirmatively showing his guilt of the specific offense with which he is charged."

In The Modern Law of Evidence by Chamberlayne, vol. 4, pp. 4524-4525, it is said:

"In criminal cases, it is a well established general rule that the prosecution may not introduce evidence of the character of the accused for the purpose of raising an inference that the latter is guilty of the crime for which he is being tried. That a person of bad character will be more likely to do a bad deed than one of good character is self-evident. No argument is needed to convince the average mind of the truth of this fact. The reason for the rule of exclusion must therefore be sought elsewhere. The rule is one of administrative policy."

In a note Mr. Chamberlayne quotes an English case as follows:

"It (proof of character) is evidence strictly relevant to the issue, but such evidence is not admissible upon the part of the prosecution . . . because if the prosecution were allowed to go into such evidence we should have the whole life of the prisoner ripped up, and as has been witnessed in the proceedings of jurisdictions where such evidence is admissible upon a charge preferred, you might begin by showing that when a boy at school he (the accused) had robbed an orchard and so read the rest of his conduct and the whole of his life; and the result would be that a man on trial would be overwhelmed by prejudice instead of being convicted on af-

firmative evidence, which the law of the country requires. The prosecution is prevented from giving such evidence for reasons rather of policy and humanity than because proof that the prisoner was a bad character is not relevant to the issue."

In *State* v. *Lapage*, 57 N. H., 245, 289, 24 Am. Rep., 69, the court, speaking through Chief Justice CUSHING, said:

"It is a maxim of our law, that every man is presumed to be innocent until he is proved to be guilty. It is characteristic of the humanity of all English speaking peoples, that you cannot blacken the character of a party who is on trial for an alleged crime. Prisoners ordinarily come before the court and the jury under manifest disadvantages. The very fact that a man is charged with a crime is sufficient to create in many minds a belief that he is guilty. It is quite inconsistent with that fairness of trial to which every man is entitled, that the jury should be prejudiced against him by any evidence except what relates to the issue; above all should it not be permitted to blacken his character, to show that he is worthless, to lighten the sense of responsibility which rests upon the jury, by showing that he is not worthy of painstaking and care."

It is well settled that where it devolves on the court to determine the amount of punishment, either on a verdict by a jury or on a plea of guilty, evidence may be received in aggrevation or mitigation of the punishment. *Cason* v. *State,* 160 Tenn., 271. But where the punishment is to be fixed by the jury, we have been unable to find any authority authorizing the introduction by the state of testimony as to the bad reputation of accused, where his character is not in issue, even though it be limited as to the amount of punishment, as was done in this case.

574

■ While the court committed error in the admission of testimony as to the reputation of plaintiff in error, it was in no sense prejudicial. The fact that plaintiff in error possessed the whisky is not controverted, and the jury imposed the minimum fine authorized by the statute. So that had this incompetent testimony been excluded, the verdict of the jury could not have been any more favorable to the plaintiff in error.

■ This court is prohibited by statute from reversing a case for error committed in the admission of testimony unless the accused was prejudiced thereby. Hence the judgment of the trial court must be affirmed.