LEE MCINTURFF

*v.*

STATE OF TENNESSEE.

*(Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

JACK VAUGHAN, Johnson City, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The appeal of plaintiff-in-error, Lee McInturff, is from a conviction of illegally possessing whiskey. Sec. 39-2507, T.C.A.

As the record comes to this Court, it appears without controversy that one and one-half gallons of white corn whiskey was legally found in the possession of Mc-

Inturff, and that at that time he admitted ownership thereof. It follows, therefore, that the verdict of guilty is supported by all the evidence.

The punishment for this offense is a fine of not less than $100 nor more than $500 to be fixed by the jury, and, in the discretion of the Trial Court, imprisonment in jail or workhouse for a period not exceeding six months. Sec. 39-2511, T.C.A. In this case the jury not only fixed a fine of $500 but, in addition, undertook to fix the imprisonment at a term of six months. Since no request was made that the jury fix the sentence, McInturff is correct in his insistence that the jury was without authority to impose any. That was the sole function of the Court under sec. 39-2511, T.C.A.

However, so much of this "verdict as undertook to add a term of imprisonment by way of punishment for this misdemeanor was mere surplusage". *McCall v. State,* 167 Tenn. 329, 332, 69 S.W.2d 892, 893. The Trial Judge's overruling of the motion for a new trial and sentencing McInturff to a sentence of six months must be treated as the action of the Trial Judge in the exercise of his discretion as to whether a jail sentence should be added, and, if so, of what duration.

During the course of the presentation of the State's evidence, and on direct-examination of a State's witness, the District Attorney, having reference to the defendant, asked this question:

"Do you know his activities, Is he known as being a bootlegger,"

The answer of the witness was this:

"He's well known as a bootlegger, is all I can say."

This answer—and it was in response to the question—amounted in substance to testifying that McInturff had the reputation of being a bootlegger. An exception to the immediately preceding like question was overruled by the Court.

■ McInturff's insistence that it was error for the Court to let this evidence go to the jury is well taken. In *Anderson v. State*, 165 Tenn. 569, 571, 56 S.W.2d 731, the defendant was being tried on a charge of violating the liquor laws. The witness introduced by the State testified that Anderson did have the reputation of being a bootlegger. In holding this evidence incompetent, this Court quoted approvingly from Corpus Juris as follows:

"* * * but evidence of the bad reputation of accused as being a bootlegger, a seller of intoxicating liquor, or a violator of the liquor laws, is not admissible on behalf of the state, unless accused has first put his character in issue by introducing evidence of good character, or by becoming a witness, * * *."

In the Anderson case, supra, the fine fixed by the jury was the minimum allowed by the statute, to wit, $100. The Court, therefore, declined to reverse the case because of the erroneous admission of this testimony, saying:

"The fact that plaintiff in error possessed the whisky is not controverted, and the jury imposed the minimum fine authorized by the statute. So that had this incompetent testimony been excluded, the verdict of the jury could not have been any more favorable to the plaintiff in error."

In the instant case, as in the Anderson case, the fact that McInturff possessed the whiskey is not controverted. However, unlike the Anderson case, the jury in this case fixed the maximum fine of $500. It is unreasonable to think that the evidence as to the reputation of McInturff being a bootlegger did not influence the jury in fixing this maximum sentence. The erroneous admission of this incompetent evidence can be rendered nonprejudicial, however, by modifying the judgment so as to fix the minimum fine of $100, rather than $500. So modified, that verdict, in so far as the fine is concerned, could not have been any more favorable to McInturff.

The final question then is whether the admission of this incompetent testimony renders it necessary to disturb the action of the Trial Court in the manner heretofore stated in adding a workhouse or jail sentence of six months.

In the Anderson case, the Court added a workhouse sentence of ninety days. Notwithstanding the erroneous admission of the incompetent evidence as to reputation, the Court did not disturb that part of the sentence. This was because the fixing of a term of imprisonment was a matter within the discretion of the Court. By analogy, the admission of the incompetent testimony in the case at bar as to the reputation of McInturff does not require any disturbance on this appeal of the action of the Trial Court in adding a six months' term of imprisonment.

In *Courtney v. State*, 185 Tenn. 247, 205 S.W.2d 752, the defendant was convicted of violating the liquor laws of the State. It was a case as here, in which the statute vested in the Trial Judge a discretion as to whether a sentence in the workhouse, in addition to the fine

fixed by the jury, should be had. It was held that it was proper for the Court to hear evidence in aggravation or mitigation of punishment. In the instant case, the Court had heard the testimony of State's witness to the effect that McInturff had the reputation of being a bootlegger. So, in so far as it applies to the Trial Judge, it was proper for him, in deciding whether a term of imprisonment should be added, to consider the evidence which should not have been allowed to go to the jury.

In the Courtney case it was said that the Court should give the defendant notice of his intention to hear proof concerning defendant's reputation and give him a reasonable opportunity to introduce evidence on the point. In the present case the defendant had notice that evidence of his reputation was had during the trial. On the motion for a new trial, therefore, he might have, if he so desired, offered evidence upon the point. He did not do so.

The judgment will be modified so as to fix the fine at $100, rather than the $500 fixed by the jury. As so modified that judgment will be affirmed.