JOHN VOWELL

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

B. B. SNIPES, Johnson City, for plaintiff in error.

WILLIAM D. GRUGETT, Assistant Attorney General, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Plaintiff in error Vowell, hereinafter called defendant, was convicted of possessing whiskey, the jury fined him $500, and the Trial Judge added a workhouse sentence of 90 days "to run concurrently with a sentence he is currently serving."

He appealed in error and insists that the evidence preponderates against the verdict of guilt and in favor of his innocence. We find no merit in this insistence.

The proof shows that Glenn Bowman and another deputy sheriff, while hiding at night in an alley watching the house of another person in Johnson City, saw defendant walking in the alley with a paper bag under his arm. Bowman said he saw "whiskey in the bag sticking out," and he jumped on defendant, threw him down to the ground, and the other officer took the bag, which contained eight pints of bottled in bond whiskey.

Defendant did not testify or offer any evidence to deny his guilt. The only evidence offered by him was the testimony of J. B. McMillan, which tended to show the arrest and search was unlawful. McMillan said he saw defendant with the bag at the time the officers stopped him, that it was dark, and nothing could be seen sticking out of the bag.

Defendant contends that since the officers had no warrant, could not see the whiskey, and had no evidence that any offense was being committed in their presence, the arrest and subsequent search was illegal.

■ If it be conceded that the arrest and search was illegal, it would still be immaterial; for defendant's conviction depends not upon the validity of the arrest but upon the indictment, and the grand jury having inquisitorial power over this offense, the indictment was valid without regard to whether defendant had been previously arrested or not. *Jones v. State,* 206 Tenn. 245, 332 S.W. 2d 662, 667.

■ If the arrest and search was illegal, the only effect of the illegality would be to make the evidence procured thereby inadmissible, and subject to being excluded upon objection to it. There was, however, no such objection. In the absence of any objection to such evidence, its admission cannot be complained of here. Rule 14(5), 203 Tenn. 803, 805; *Turner v. State,* 188 Tenn. 312, 322, 219 S.W.2d 188.

■ Defendant asserts that the Trial Court erred in failing to sustain his motion to require the State to produce the alleged confiscated whiskey. This whiskey was contraband and subject to seizure and confiscation. T.C.A. secs. 57-601—57-625. There was no objection to the evi-

dence that the bottles taken from defendant contained whiskey, and it was not error to deny his motion for the production of the whiskey. *Williams v. State,* 179 Tenn. 247, 165 S.W.2d 377.

■ Defendant assigns for error that the jury verdict fining him $500, together with the 90-day jail sentence, is excessive. Though this punishment was within the limits fixed by the statute (T.C.A. sec. 39-2511), we think this assignment should be considered with defendant's assignment based upon this incompetent evidence elicited by the District Attorney:

"Q. I will ask you one more question, Mr. Bowman. What is Mr. Vowell's occupation?

"A. Bootlegger."

It would seem that as defendant was then serving a jail sentence by that court for a like offense, the District Attorney doubtless knew that and knew what the officer's answer would be to his question, and asked it in order to get this incompetent matter before the jury. While the Trial Judge told them to disregard it, this could not put it out of their minds.

■ Since *Anderson v. State,* 1933, 165 Tenn. 569, 56 S.W.2d 731, decided more than 25 years ago, it has been the established rule of this Court that where the defendant has not testified and has not put his character in issue, it is error to permit the State to prove that he has the reputation of being a "bootlegger * * * or a violator of the liquor laws." The only way to enforce observance of this rule is to reverse whenever its violation prejudices the rights of defendant.

Such violation in the Anderson case was held harmless error, not to have affected the verdict. This because defendant's guilt (possession of the whiskey) was "not controverted" and the jury had imposed the least fine possible under the statute. So, the verdict could not have been less, even if the incompetent evidence had not been introduced.

Such violation, however, was held prejudicial error in *McInturff v. State* (opinion by Justice Tomlinson, September 9, 1960), 207 Tenn. 108, 338 S.W.2d 564. There, the State was allowed to prove defendant had the reputation of being "a bootlegger." His guilt was not controverted. The jury fined him $500. It was held that this incompetent evidence was prejudicially erroneous to the extent that the jury had fixed a fine in excess of $100, the minimum authorized by the statute; and the judgment was accordingly modified by this Court so as to reduce the fine from $500 to $100, and, as modified, was affirmed.

We think the above authorities apply to the case before us; that the incompetent evidence prejudiced defendant to the extent that the jury verdict was in excess of the minimum fine; and that the fine of $500 should be reduced to $100, and the judgment accordingly modified. The judgment of the Circuit Court, as thus modified, is affirmed.