GEORGE B. DOTSON, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 454 S.W.2d 174.

Court of Criminal Appeals of Tennessee. Feb. 11, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

Hugh W. Stanton, Jr., W. David Stinson, and Walker Gwinn, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Don D. Strother, Assist. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

RUSSELL, Judge.

The plaintiff in error, George B. Dotson, hereinafter called the defendant, was jointly indicted with one Percy Lee Reid, Jr., in two separate indictments charging them with assault with the intent to commit first degree murder in one indictment and armed robbery in the second. Both charges grew out of an occurrence at Rotter's Dry Goods Store in Memphis, wherein the proprietor, Phillip Rotter, was held up by two masked bandits armed with a pistol, severely beaten and robbed of $250-$275 and a quantity of men's underwear. Reid pled guilty and his cases were disposed of separately. The defendant, Dotson, went to trial on not guilty pleas in both cases, the trials being concurrent by agreement. He was convicted of an assault with the intent to commit voluntary manslaughter under one charge, the jury setting his punishment at not more than five years in the penitentiary; and was convicted of armed robbery as accused in the second indictment, and his punishment set by the jury at thirty years imprisonment. Pursuant to these two jury verdicts, and without further specification, the trial judge sentenced defendant to thirty years in the penitentiary. This appeal in the nature of a writ of error followed in due course the overruling of defendant's motion for a new trial, and we have the case for disposition.

▉ The State, in its brief, takes the position that the trial judge pronounced the thirty year penitentiary sentence upon the conviction for armed robbery. This is a reasonable assumption from the record, although the judgment is not explicit. The State acknowledges a failure to find in the record the imposition of any

sentence or entry of judgment in connection with the assault with intent to commit voluntary manslaughter conviction. The Attorney General assumes that since the offenses arose out of the same incident that "the trial judge merged the lesser offense with the greater offense and considered such as part of a single continuing criminal act." The State does not insist otherwise, and abandons the assault conviction. We feel that the judgment should affirmatively show that the thirty year penitentiary sentence results from the conviction for robbery with a deadly weapon, and we hereby make explicit what is implicit in that respect.

Several assignments of error are insisted upon. The one presenting the most serious question, prior to in depth analysis, has to do with the introduction into evidence of clothing and a gun taken from defendant's house shortly after he was arrested. The defendant, on this appeal, insists that these items of evidence were the products of an illegal search which went beyond the permissible scope of search incidental to lawful arrest as defined and limited by the recent U. S. Supreme Court case of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. The rule of Chimel, candidly stated, is that warrantless search incidental to a lawful arrest is limited to the person of the arrestee, and the area within his immediate control. The area within his immediate control is said to mean the area into which an arrestee might reach in order to grab a weapon or destroy evidentiary items.

Certainly Chimel substantially limits the scope of searches incidental to lawful arrest. The prior rule permitted such searches throughout the area under the

control of the defendant, not limited to the immediate area. The first reason that this assignment of error is invalid is that defense counsel, at the time of the trial, did not object on the ground that the search was outside the area of defendant's immediate control. The objection was bottomed upon the contention that the arrest was unlawful, invalidating the search. The record reflects that defense counsel stated in argument upon the objection that the search was valid if the arrest was valid, but objected on the basis that the arrest was not predicated upon reasonable grounds.

 It is fundamental to our procedure that the trial judge cannot be put in error by the overruling of an objection unless the ground for same is stated and that stated ground valid. The objection put here, that the arrest was unlawful, is without merit. The arrest, though warrantless, was upon reasonable grounds and for the commission of a felony. Its legality is not questioned on this appeal. It follows that no proper objection, invoking the principle enunciated by *Chimel,* was before the court. Hence, the trial judge cannot be held to have erred in his ruling. A trial judge cannot be put in error as to a matter upon which he did not rule. Garner v. State ex rel. Askins, 37 Tenn.App. 510, 266 S.W.2d 358. An appellate court will not entertain an objection to the competency of testimony on a ground distinct from an insufficient objection raised in the court below, and which was declared insufficient. Monteeth v. Caldwell, 26 Tenn. 13. Rule 14(4) of the Supreme Court, adopted by this court, requires that the alleged error of the trial judge be seasonably called to his attention before it will be a ground for reversal. This

would require that the correct reason for the objection be stated. An objection first made on appeal is not tenable. Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385; Vowell v. State, 207 Tenn. 598, 341 S.W.2d 735.

The fact that the attorneys were not trying the case while conscious of the new *Chimel* principle is illustrated by the fact that the location of the evidence obtained, relative to the defendant, was not clearly established. We do feel, however, that there is no showing of a *Chimel* violation.

The defendant was at home asleep when officers, accompanied by Reid (his alleged accomplice), arrived at his home. His mother admitted the officers, the defendant was advised that he was under arrest, and a rights card was read to him as he sat on the side of his bed. He was made to stand up, whereupon an officer raised his mattress and looked under it. Defendant protested, inquiring if they had a search warrant, and was told that one wasn't needed. The underwear, identified as that stolen in the robbery, was found almost immediately, apparently in a nearby chifforobe in his room. The exact distance from defendant does not appear, and we cannot say under this record that the area was not under his immediate control.

The gun presents other questions. It was found secreted in the front room, beneath a chair. However, several facts take its finding from the prohibitions of the *Chimel* rule. Under the defendant's testimony, he had gone to the front room and was sitting in the chair over the gun. Certainly, had a search of the chair been made then, it would have been legal as it was of an area under his immediate control. In fact, the defendant said

that he tried to get the gun for the officers, who had asked him its whereabouts and had been looking for it. He says that he told them where it was. Therefore, it was not the product of their search, but of his information. He says that he told them because they threatened to go get a search warrant if he didn't. Obviously, then, no broad search was conducted.

The State presented testimony that the defendant was already outside in the police car when he told them where the gun was hidden and one of them returned to get it. Certainly, if defendant could rely upon the State's version, it would follow that there was no prohibited search for the gun. When defendant told the officers where the gun was he understood and meant for them to then get it. There was no search, but a confiscation by permission.

All of this discussion of the legalities of the obtaining of this evidence is rendered completely moot, however, by the fact that the defendant took the witness stand, admitted the presence in his home of the underwear and gun, and sought to explain them away by a theory consistent with his innocence. Therefore, even if their introduction into evidence initially had been patently erroneous, his testimony waived any and all objections to their competency. Lester v. State, 216 Tenn. 615, 393 S.W.2d 288. If a defendant testifies in substance as to evidence which has been otherwise erroneously admitted, then his testimony clears whatever error there might have been.

We therefore find no merit whatsoever to this assignment of error.

█ The defendant made both an oral and a written confession. He was advised of his *Miranda* rights each time. Complaint is made that upon the initial rights reading, the officer said, inter alia, "** * * anything you say can be used against you in a court of law." The defendant contends that "can *and will*" (be used against you) is required. Although some language of *Miranda* supports the defendant's argument, we do not believe that a statement to a suspect that anything that he might say *will* be used against him is mandatory or even factually correct. It can be, it *may* be, but it cannot be said it *will be*. We cannot believe that such a factually incorrect statement is mandatory.

█ We would point out, also, that the defendant testified and repudiated the alleged confessions. His theory is that he did not confess. It would be inconsistent for him to complain that he was improperly warned before he *didn't* confess. See Lloyd v. State, Tenn., 440 S.W.2d 797.

█ █ Error is assigned which is directed at the severity of the sentence, contending that it is excessive. Punishment can never be said to be excessive when it is within the range prescribed by law for a given offense. Hardin v. State, 210 Tenn. 116,.355 S.W.2d 105. The maximum punishment for armed robbery is death by electrocution. Thirty years in the penitentiary, therefore, is not even near the maximum which the jury could have set. They undoubtedly considered the relative youth of the defendant. They undoubtedly also considered the vicious and violent nature of this crime. Substantial punishment was called for and we approve what the jury set.

The remainder of the assignments of error are not argued. We have examined them, and find them to be without merit.

We affirm the conviction of robbery by the use of a deadly weapon and the sentence of thirty (30) years in the penitentiary.

HYDER and MITCHELL, JJ., concur.