# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

THE STATE OF TENNESSEE, ex rel., )
THE CITY OF LAFAYETTE, )
TENNESSEE, )
A municipal corporation, )
                                                  )

      Plaintiff/Appellant, )
                                                  )    Appeal No.
                                                  )    01-A-01-9810-CV-00520
VS. )
                                                  )    Macon Circuit
                                                  )    No.  3893
RONALD J. MOWELL, LINDA J. )

MOWELL and DAVID R. WILSON, )
                                                  )
      Defendant/Appellee. )

APPEALED FROM THE CIRCUIT COURT OF MACON COUNTY
AT LAFAYETTE, TENNESSEE

THE HONORABLE BOBBY CAPERS, JUDGE

LISA COTHRON STINNETT
100 W. Locust Street
Lafayette, Tennessee 37083
     Attorney for Plaintiff/Appellant

B. KEITH WILLIAMS
102 East Main Street
Lebanon, Tennessee 37087
     Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# **O P I N I O N**

In this condemnation case the only question is whether there is any material evidence to support the jury's verdict. We affirm the judgment below.

## I.

Ronald and Linda Mowell owned a home on a quiet street in Lafayette. In improving the street in front of the Mowells' home, the City lowered it, straightened it out, and converted a quiet street into an industrial access road. The City took 0.149 acres of the Mowells' property. The Mowells' house is now elevated from the street, with a steeper driveway, and a bank next to the road and along the driveway that cannot be mowed because of its steepness.

Mr. and Mrs. Mowell testified that the value of their property after the completion of the project was $30,000 less than it was before the taking. The City called an appraiser who testified that the Mowells' damage amounted to $9,000. The Mowells also called an appraiser who gave his opinion that they had been damaged in the amount of $13,850. The jury returned a verdict for $20,000.

## II.

The City argues on appeal that the Mowells' testimony was incompetent and that the upper limit of the range of reasonableness was $13,850. The argument is based on the fact that the Mowells gave their opinion on values as of the date of the trial rather than on the values as of the date of the taking. *See Love v. Smith*, 566 S.W.2d 876 (Tenn. 1978).

A property owner is competent to testify to the value of his/her own property. Rule 701(b), Tenn. R. Evid. We think the City overstates what the record

shows with respect to the inadequacy of the Mowells' testimony, but it is clear nonetheless that the evidence came in without objection. Absent extraordinary circumstances, a trial judge cannot be reversed for the admission of inadmissible evidence unless "a timely objection or motion to strike appears of record, stating the specific ground of objection." Rule 103(a)(1), Tenn. R. Evid.; *In re Estate of Armstrong*, 859 S.W.2d 323, 328 (Tenn. App. 1993).

A companion rule to Rule 103(a)(1), Tenn. R. Evid., is Rule 36(a), Tenn. R. App. Proc., which provides that relief is not generally available in the appellate courts to a party who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error. This rule follows a long line of cases holding that the failure to object to the admission of evidence in the trial court is fatal to the chance to assign the admission of that evidence as error in the appellate court. *Anderson v. State*, 341 S.W.2d 385 (Tenn. 1960); *Wilkerson v. State*, 348 S.W.2d 314 (Tenn. 1961); *Vowell v. State*, 341 S.W.2d 735 (Tenn. 1960).

We think the record contained evidence supporting the jury's verdict. Therefore, the judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Macon County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

THE STATE OF TENNESSEE, ex rel., )
THE CITY OF LAFAYETTE, )
TENNESSEE, )
A municipal corporation, )
           )
       Plaintiff/Appellant, )     Appeal No.
           )     01-A-01-9810-CV-00520
           )
VS. )     Macon Circuit
           )     No.  3893
           )
RONALD J. MOWELL, LINDA J.     )       Affirmed and

MOWELL and DAVID R. WILSON, )     Remanded
           )
       Defendant/Appellee. )

## J U D G M E N T

This cause came on to be heard upon the record on appeal from the Circuit Court of Macon County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the judgment of the trial court there is no reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and adjudged by this Court that the judgment of the trial court is affirmed. The cause is remanded to the Circuit Court of Macon County for the execution of the judgment of that court and for the collection of the costs accrued below.

Costs of this appeal are taxed against the City of Lafayette, Mayor Will T. Colter, Principal, and Lisa C. Stinnett, Surety, for which execution may issue if necessary.

_____

BEN H. CANTRELL, PRESIDING JUDGE, M.S.

_____

WILLIAM C. KOCH, JR., JUDGE

_____

WILLIAM B. CAIN, JUDGE