# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
October 3, 2007 Session

## R.D.S. v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Williamson County**
**No. II-CR04274      R.E. Lee Davies, Judge**

---

**No. M2005-00213-SC-R11-JV - Filed February 6, 2008**

---

JANICE M. HOLDER, J., concurring and dissenting.

I concur in the majority's analysis of the alleged <u>Miranda</u> violations in Parts I and II (A). I respectfully dissent, however, as to the majority's conclusions in Part II (B) concerning the motion to suppress the evidence discovered in R.D.S's truck.

A motion to suppress evidence must be raised before trial, and a party waives "any defense, objection, or request by failing to comply with . . . rules requiring such matters to be raised pre-trial." Tenn. R. Crim. P. 12(b)(2)(C), (f). In addition, a motion to suppress evidence must state "with particularity the grounds on which it is made." Tenn. R. Crim. P. 47(c); <u>see also</u> <u>State v. Burton</u>, 751 S.W.2d 440, 448 (Tenn. Crim. App. 1988) (holding that the defendants waived their challenge to a witness's in-court identification because the defendant failed to file a motion to suppress on those grounds before trial). R.D.S.'s motion to suppress did not state with particularity any ground for suppression based on an alleged illegal search in violation of the Fourth Amendment or article I, section 7 of the Tennessee Constitution. R.D.S. therefore waived the issue concerning the illegal search.

It is within our discretion to consider issues that have been waived, but this discretion should be "sparingly exercised." Tenn. R. App. P. 13(b), Advisory Comm'n Comments. Our exercise of this discretion is generally limited to situations in which our consideration of an issue prevents needless litigation, prevents injury to the interests of the public, or prevents prejudice to the judicial process. Tenn. R. App. P. 13(b). The majority's decision today effectuates none of these goals. Instead, it rewards a party who has failed to raise an issue at any point prior to appellate review.

Even if we overlook this obvious waiver, R.D.S. did not raise the issue of the validity of the search during the suppression hearing in the trial court. The grounds for R.D.S.'s motion to suppress the evidence found in his truck were limited to the following: 1) that his statements were made without "an intelligent, knowing or voluntary waiver of his constitutional right to counsel and his

right not to incriminate himself " in violation of <u>Miranda</u>; and 2) that any evidence obtained as a result of those statements should be suppressed as fruit of the poisonous tree. Counsel for R.D.S. focused entirely on the issue of the voluntariness of the statements made by R.D.S. Early in the suppression hearing, the court asked, "Does [the S.R.O.] need [R.D.S.'s permission to search the vehicle] on school property? I don't think so, does she?" Defense counsel replied, "No, your Honor, but it goes to his voluntariness as to whether he went out to the truck voluntarily or not." During closing argument on the motion, defense counsel argued only that the evidence of the search should be suppressed based upon <u>Miranda</u> violations, including the voluntariness of the statements made by R.D.S. The trial court clearly understood the issue presented. When the trial court reconvened for a second day of the hearing, it summarized its ruling denying the motion to suppress, stating, "He wasn't in any kind of custodial interrogation. His statement was really voluntary as they were walking out to the pickup truck." Counsel for R.D.S. continued to argue the involuntariness of the statements. At no time did he argue any other ground for the suppression of evidence.

A close examination of the record reveals that R.D.S. failed to question the validity of the search on school grounds in either the juvenile court or the circuit court and certainly raised no issue as to which standard should be applied to searches by school resource officers. Although the majority attempts to justify its consideration of the validity of the search by referencing an single, out-of-context comment by the trial judge, it is overwhelmingly clear from the totality of the record that neither party questioned whether the search was valid. Furthermore, the trial court's mention of probable cause is insufficient to raise an issue that was not set forth in the motion to suppress evidence. <u>See</u> Tenn. R. Crim. P. 12(b)(2)(C), (f).

On appeal, R.D.S. argued for the first time that Deputy Lambert did not have probable cause to search his truck. "It is elementary that a party may not take one position regarding an issue in the trial court, change his strategy or position in mid-stream, and advocate a different ground or reason in [an appellate court]." <u>State v. Adkisson</u>, 899 S.W.2d 626, 635-36 (Tenn. Crim. App. 1994) (quoting <u>State v. Dobbins</u>, 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988)). Further, a trial judge "cannot be put in error as to a matter upon which he did not rule." <u>State v. Dotson</u>, 454 S +.W.2d 174, 177 (Tenn. Crim. App. 1970) (quoting <u>Garner v. State ex rel. Askins</u>, 266 S.W.2d 358, 362 (Tenn. Ct. App. 1954)). Given the failure of R.D.S. to raise the issue of the validity of the search, it should come as no surprise that the trial court failed to state whether it applied the reasonable suspicion standard or the probable cause standard to searches conducted by school resource officers.

As interesting as this issue may be in the abstract, the majority correctly states that the record is devoid of any factors that would allow the majority to determine which standard to apply. Faced with an inadequate record, the majority is left to make the abstract pronouncement that a reasonable suspicion standard applies to those officers who are assigned to schools on a "regular basis" and assigned duties "such that he or she may be considered a school official as well as a law enforcement officer." Deprived of the facts necessary to properly resolve the issue, the majority simply remands this case to the trial court to "develop the record in order for the trial court to determine whether probable cause or reasonable suspicion standard applies to the search of R.D.S.'s truck." I would

not provide R.D.S. with a second opportunity to develop an issue that he neglected to raise at trial and would await a case in which the issue was properly preserved.  I respectfully dissent.


                                                    _____

                                                    JANICE M. HOLDER, JUSTICE