# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTHONY H. DEAN v. JOE EASTERLING, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 08-02-0323     Joe Walker, III, Judge**

**No. W2008-01302-CCA-R3-PC  -  Filed May 22, 2009**

The Petitioner, Anthony H. Dean, appeals the trial court's denial of his petition for habeas corpus relief.   The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious.   Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Anthony H. Dean, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In February 2000, the Petitioner Anthony H. Dean, was convicted by a Shelby County jury of aggravated rape.  The trial court sentenced the Petitioner, as a violent offender, to forty years confinement in the Department of Correction.  On direct appeal, the Petitioner argued that his initial arrest was unconstitutional because he had not been brought before a magistrate without unnecessary delay, and that the affidavit of complaint was insufficient.  A panel of this Court held that the Petitioner's confession was obtained during an unconstitutional detention and should not have been

introduced at trial. However, this Court determined that this error did not affect the outcome of the trial in light of the remaining evidence introduced against him. This Court affirmed the conviction and sentence. See State v. Dean, 76 S.W.3d 352 (Tenn. Crim. App. 2001), perm. to appeal denied, (Tenn. Mar. 11, 2002). The Petitioner sought post-conviction relief in 2002, arguing that trial counsel was ineffective and that his constitutional rights were violated because he was not taken timely before a magistrate. The post-conviction court denied relief. On appeal, this Court rejected the Petitioner's attempt to re-litigate a previously determined issue by couching the issue in different terms and affirmed the lower court's denial of relief. Anthony H. Dean v. State, No. W2005-02319-CCA-R3-PC, 2006 WL 3613598, at *5-6 (Tenn. Crim. App., at Jackson, Dec. 7, 2006), perm. to appeal denied, (Tenn. Apr. 16, 2007). On September 22, 2006, the Petitioner filed a petition for habeas corpus relief in the Hardeman County Chancery Court. Again, the Petitioner alleged that the arrest warrant and indictment which resulted in his incarceration were defective. The State filed a motion to dismiss, asserting that the substance of the claim had previously been determined and that the trial court in which the Petitioner was convicted had subject matter jurisdiction to adjudicate the case under a valid indictment. The chancery court granted the State's motion to dismiss the habeas corpus petition. On appeal, the Court of Appeals dismissed the appeal for lack of subject matter jurisdiction and vacated the order of the chancery court. See Anthony Dean v. Glen Turner, Warden, No. W2007-00744-COA-R3-CV, 2007 WL 4404112, at *2 (Tenn. Crim. App., at Jackson, Dec. 18, 2007).

On May 22, 2008, the Petitioner filed a petition for habeas corpus relief in the Hardeman County Circuit Court challenging his confinement under the 2000 conviction of aggravated rape. As grounds for habeas corpus relief, the Petitioner alleged that the trial court lacked jurisdiction to render judgment against the Petitioner, that the Petitioner's pretrial detention was punitive, and that his punitive detention rendered all subsequent proceedings void. In other words, the Petitioner alleged that his conviction was void due to the fact that his initial detention was unconstitutional. By order entered May 29, 2008, the trial court summarily dismissed the petition, finding that the Petitioner's sentence had not expired and that the lower court had jurisdiction to enter the judgment against the Petitioner. A notice of appeal document was filed on June 11, 2008.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the claim raised by the Petitioner has been previously determined and may not be re-litigated in a habeas petition. See Grant v. State, 507 S.W.2d 133, 137 (Tenn. Crim. App. 1973). Alternatively, the State asserts that the trial court, by virtue of a valid indictment issued after the arrest and detention, was vested with subject matter jurisdiction to adjudicate the matter.

The determination of whether to grant habeas corpus relief is a question of law. As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. See Edwards v. State, 269 S.W.3d 915, 919 (Tenn. 2008). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

2

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 955 S.W.2d at 83). Habeas corpus may not be used as a substitute for an appeal. See Edwards, 269 S.W.3d at 920. Thus, the determinative issue in every habeas corpus proceeding is whether the challenged judgment is void. Id.

If, after a review of the petitioner's filings, the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994), superceded by statute as stated in, State v. Steven S. Newman, No. 02C01-9707-CC-00266 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The Petitioner asserts that his judgment is void as his original detention was unconstitutional. On direct appeal, this Court determined that the Petitioner's initial detention was unconstitutional because he had not been brought before a magistrate without unnecessary delay, and that the affidavit of complaint was insufficient. It is well-settled that a petitioner may not use habeas proceedings as a means to raise and relitigate issues previously ruled upon. See Ray v. State, 489 S.W.2d 849, 851 (Tenn. Crim. App. 1972). The Petitioner also complains that the trial court lacked jurisdiction to impose judgment due to the original unconstitutional detention. An illegal arrest or unconstitutional detention has no adverse effect upon an indictment or presentment returned by a grand jury subsequent to the arrest. See Jones v. State, 332 S.W.2d 662, 667 (Tenn. 1960); Nelson v. State, 470 S.W.2d 32 (Tenn. Crim. App. 1971). In this respect, an unconstitutional detention does not void the trial court's jurisdiction over the matter if a valid indictment was returned. See Vowell v. State, 341 S.W.2d 735, 736 (Tenn. 1960). In the present case, the Grand Jury returned a valid indictment against the Petitioner after his arrest and detention. The trial court had jurisdiction to enter the judgment against the Petitioner. Finally, the Petitioner claims that his due process rights were violated as a result of an unconstitutional "punitive" detention. A claim of a violation of due process rights is not a cognizable claim for habeas corpus relief. See Smith v. Hesson, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001). The Petitioner has failed to assert a claim upon which habeas corpus relief may be granted.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**J.C. MCLIN, JUDGE**
