FILED

01/31/2019

Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT NASHVILLE

Assigned on Briefs December 11, 2018 at Knoxville

## CHRISTOPHER L. SHAW v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Trousdale County**
**No. 2018-CV-4691      John D. Wootten, Jr., Judge**

_____

### No. M2018-00686-CCA-R3-HC

_____

The petitioner, Christopher L. Shaw, appeals the denial of his petition for writ of habeas corpus, which petition challenged his 2012 Davidson County Criminal Court jury convictions of possession of 26 grams or more of cocaine in a drug-free zone, possession of drug paraphernalia, and felony evading arrest. Discerning no error, we affirm the denial of relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Christopher L. Shaw, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; and Glen R. Funk, District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Davidson County Criminal Court jury convicted the petitioner of possession of 26 grams or more of cocaine in a drug-free zone, possession of drug paraphernalia, and felony evading arrest, and the trial court imposed a total effective sentence of 15 years' incarceration, 12 years of which must be served at 100 percent release eligibility by operation of law, *see* T.C.A. § 39-17-432(c). This court affirmed the convictions on direct appeal. *See State v. Christopher Lee Shaw*, No. M2012-01437-CCA-R3-CD, slip op. at 12 (Tenn. Crim. App, Nashville, Sept. 20, 2013).

In March 2018, the petitioner filed a petition for writ of habeas corpus, alleging that his judgments were void because no valid warrant had been issued for his

arrest on the underlying charges. The habeas corpus court denied relief on grounds that the valid indictment issued in the petitioner's case cured any potential defects in the warrant.

In this appeal, the petitioner reiterates his claim that the lack of a valid arrest warrant deprived the trial court of jurisdiction in his case. The State asserts that the trial court properly denied relief.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We need not tarry long over the petitioner's claim because the law is settled that "all questions as to the sufficiency of the warrant are foreclosed by the finding of an indictment." *See Jones v. State*, 332 S.W.2d 662, 667 (Tenn. 1960). Stated differently, "[t]he proceedings by the Grand Jury in finding an indictment or presentment against a person are not affected by the mode or manner of his arrest." *Nelson v. State*, 470 S.W.2d 32, 33-34 (Tenn. Crim. App. 1971) (citing *Vowell v. State*, 341 S.W.2d 735, 736 (Tenn. 1960)). The valid indictment returned by the Davidson County Grand Jury in January 2011, some three months following the petitioner's arrest, cured any defect that might have existed in the underlying warrants.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE